IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNNY L. COLE, TDCJ #229424, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § | CIVIL ACTION NO. G-07-0009 |
| DR. THOMPSON, | | |
| Defendant. | | |

## **MEMORANDUM AND ORDER**

State inmate Johnny L. Cole (TDCJ #229424, former TDC #153174) has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights. Cole appears *pro se* and *in forma pauperis*. At the Court's request, Cole has provided a more definite statement of his claims. (Doc. # 19). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.[1]

### **I.     BACKGROUND**

Cole is currently in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Wynne Unit in Huntsville. Cole sues Dr. Thompson, who is an ophthalmologist employed by the University of Texas

---

[1] On October 25, 2007, this case was reassigned to United States District Judge Melinda Harmon pursuant to General Order 2007-10. The case is being handled by the undersigned by agreement of the judges.

Medical Branch ("UTMB") at the John Sealy Hospital in Galveston, Texas. Cole's claims concern surgery that Dr. Thompson performed in December of 2004.

According to the pleadings and exhibits, Cole is a sixty-seven-year-old male who was admitted to TDCJ most recently in 1994. Cole explains that, on or about December 3, 2004, he had surgery at the John Sealy Hospital to remove a cataract from his left eye. Dr. Thompson performed the surgery. Within a day following this surgery, Cole reportedly began to experience an "unusual and abnormal feeling of dizzinezz [sic] and imbalancement [sic]." On December 30, 2004, Cole returned to the John Sealy Hospital for surgery to remove a cataract from his right eye. Cole states that he told Dr. Thompson about the problems he was experiencing with his equilibrium, but that Dr. Thompson "ignored [his] complaint[.]"

Since the surgery in 2004, Cole claims that he continues to suffer from difficulties with his balance, which makes it "uncomfortable" to stand and prevents him from "walking without stumbling." Cole states that he has been examined by several doctors and specialists in an effort to correct the problem. Cole reports that, initially, he was prescribed medication, which was discontinued because it "aggravated his imbalancement." Cole was also treated with "several eye ointments, eye drops, etc.," and given therapy in the form of "balance drills." In addition, Cole was scheduled to see a neurologist and he received an MRI in an effort to diagnose the cause of his problem. Cole believes that this treatment has been inadequate, because his problem was "caused by surgery" and consequently it should be "corrected with surgery[.]"

Cole complains that Dr. Thompson was negligent for failing to provide "adequate and effective treatment" to correct his condition. Cole seeks $3,000,000 in compensatory and punitive damages. Cole also seeks injunctive relief in the form of additional surgery. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. **DISCUSSION**

Cole contends that Dr. Thompson denied him adequate medical care following his surgery to remove cataracts. Cole's civil rights complaint is governed by 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979); *see also Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a claim against anyone who, 'under color of' state law, deprives another of his or her constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)).

To prevail under 42 U.S.C. § 1983, Cole must demonstrate that he was denied adequate medical care in violation of the Eighth Amendment to the United States Constitution. "Although the Eighth Amendment 'does not, by its precise words, mandate a certain level of medical care for prisoners[,]' the Supreme Court has interpreted it as

imposing a duty on prison officials to 'ensure that inmates receive adequate . . . medical care.'" *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" *Easter*, 467 F.3d at 463 (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

The Eighth Amendment deliberate-indifference standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish deliberate indifference under this standard, the prisoner must show that the defendants were both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) that they actually drew an inference that such potential for harm existed. *See id.* at 837; *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). The Fifth Circuit has stated that the deliberate-indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A prison official acts with deliberate indifference 'only if [(A)] he knows that inmates face a substantial risk of serious bodily harm and [(B)] he disregards that risk by failing to take reasonable measures to abate it.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Farmer*, 511 U.S. at 847). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* (citations

omitted). A showing of deliberate indifference requires the prisoner to submit evidence that prison officials "'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Id.* (citations omitted).

Cole's allegations fall short of the deliberate-indifference standard that is necessary to state a claim under the Eighth Amendment. As noted above, Cole reports that he began to experience difficulty with his balance following surgery to remove cataracts in December of 2004. Cole claims that Dr. Thompson violated the Eighth Amendment by denying him "adequate and effective" treatment in the form of additional surgery to correct his balance problem.

The pleadings do not show that Cole was completely denied care. As Cole concedes, he was treated by other doctors and specialists following the cataract surgery by Dr. Thompson. To the extent that Cole disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). To the extent that Cole complains that the medical treatment

that he has been provided is inadequate because it has failed to correct his problem, his allegations of unsuccessful medical treatment "do not constitute deliberate indifference[.]" *Gobert*, 463 F.3d at 347 (citations omitted).  Allegations such as these, which sound in negligence and medical malpractice, will not suffice to demonstrate an Eighth Amendment claim.  *See Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001); *see also Stewart*, 174 F.3d at 534 ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not.").

Cole does not allege facts showing that he was refused care; nor does he demonstrate that Dr. Thompson or any other health care worker at the prison intentionally treated him incorrectly with wanton disregard for his medical condition.  Rather, Cole's allegations sound in negligence and medical malpractice, if anything.  As such, Cole's claims are not sufficient to establish that he was treated with deliberate indifference and do not state a violation of the Eighth Amendment.  Accordingly, based on its review of Cole's complaint, as supplemented by the more definite statement, the Court concludes that Cole fails to state a claim for which relief may be granted under 42 U.S.C. § 1983, and that his complaint must be dismissed.

### IV.   CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the complaint in this case is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail**

**to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED on June 17th, 2008.

_____
Nancy F. Atlas
United States District Judge